IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVELYN JEAN LINNEBUR,            )
                                 )
                Plaintiff,       )
                                 )
v.                               )         Case No. 10-1379-RDR
                                 )
UNITED TELEPHONE ASSOCIATION,    )
                                 )
                Defendant.       )

**MEMORANDUM AND ORDER**

This matter comes before the court upon Plaintiff's Second Motion to Compel (ECF No. 64). Defendant has filed a response in opposition to the motion. Plaintiff also requests an in-person hearing on the motion. However, the court finds a hearing would not materially aid in the disposition of this matter and therefore denies the request.[1] For the reasons stated below, the motion is granted in part and denied in part.

**I.    Procedural Conference Requirement**

The Federal Rules of Civil Procedure and this district's local rules require a moving party to confer with opposing counsel about the discovery dispute at issue before filing a motion to compel.[2] In this case, the parties have conferred several times and have attached correspondence memorializing their attempts to resolve these disputes. The Court finds the parties have satisfied the procedural conference requirements.

**II.   Background**

The facts giving rise to this action are discussed in greater detail in the undersigned's

---

[1] *See* D. Kan. Rule 7.2.

[2] *See* Fed. R. Civ. P. 37(a)(1); D. Kan. Rule 37.2.

recent opinion ruling on plaintiff's first motion to compel.[3] For the purpose of the instant motion, the following brief background information provides context to the discovery dispute before the court: Plaintiff brings this age discrimination action against her former employer pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and the Kansas Age Discrimination Employment Act ("KADEA"), K.S.A. 44-111, *et seq.* Defendant United Telephone Association, Inc. ("UTA") employed Plaintiff for more than thirty-three years when it terminated her employment in June of 2009. Plaintiff contends the termination was unlawful, and defendant contends plaintiff was terminated for cause.

## III. Discussion

Fed. R. Civ. P. 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." When a party fails to make disclosure or discovery, the opposing party may file a motion to compel. When a party files a motion to compel and asks the court to overrule certain objections, the objecting party must specifically show in its response to the motion how each discovery request is objectionable.[4] Objections initially raised but not supported in response to the motion to compel are deemed abandoned.[5] However, if the discovery requests appear facially objectionable in that they are overly broad or seek information that does not appear relevant, the burden is on the movant to

---

[3] *See Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2011 WL 3490022, at *1-2 (D. Kan. Aug. 10, 2011).

[4] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[5] *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan. 2005) (citing *Sonnino*, 221 F.R.D. at 670; *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

demonstrate how the requests are not objectionable.[6] With this standard in mind, the court turns to the specific discovery requests at issue and the objections thereto.

### A. Request No. 33

Request No. 33 seeks correspondence and documents memorializing any communication between an individual by the name of Cordy Rosales and any UTA employees from January 2007 to the present.[7] In response to the motion to compel, defendant asserts overbreadth and relevance objections, which are largely intertwined.

Relevant information need not be admissible at trial so long as it is reasonably calculated to lead to the discovery of admissible evidence.[8] The court broadly construes relevance at the discovery stage of litigation, and "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[9] "There is no presumption in the Federal Rules of Civil Procedure that a discovery request is relevant."[10] However, relevance is often apparent on the face of the request.[11] When it is not, the proponent of the discovery has the burden to show the relevance of the discovery

---

[6] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

[7] Def.'s Resp. to Pl.'s Third Requests for Produc. of Docs. at 3, ECF No. 65-5.

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (quoting *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)).

[10] *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09-2656-KHV, 2010 WL 3880027, at *7 (D. Kan. Sept. 28, 2010) (citing *Thompson v. Jiffy Lube Int'l, Inc.*, 05-1203-WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007)).

[11] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20).

3

sought.[12]  If a discovery request seeks facially relevant information or if the proponent has demonstrated relevance, the party resisting discovery must establish the lack of relevance by demonstrating that the requested discovery either: (1) is outside the scope of relevance as defined by Rule 26(b), or "(2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[13]

Plaintiff states these documents are relevant because one of UTA's proffered reasons for plaintiff's termination was the tone of an e-mail between plaintiff and Rosales.  Plaintiff states other UTA employees had difficult interactions with Rosales.  The court agrees that this information appears facially relevant.  Communications between Rosales and other employees would provide context to the appropriateness of plaintiff's tone.  Such information could be probative as to whether this proffered reason for termination was pretextual.

Defendant states the e-mail exchange between plaintiff and Rosales occurred in May 2009.  Therefore, defendant argues that communications before or after this time period are overly broad and not relevant.  This argument, however, does not address the obvious issue that other communications with Rosales could provide more context to UTA's allegation that plaintiff's communications with Rosales were inappropriate.  Arguably, communications in distant proximity to the May 2009 e-mail exchanges might not be as relevant as communications around the time of plaintiff's e-mail exchange with this individual.   However, defendant has not argued or shown it would be unduly burdensome to respond to plaintiff's request, as drafted.  Because of this, and because this request seeks information that appears facially relevant, the

---

[12] *Id.* (citing *Thompson*, 2007 WL 608343, at *8 n.20); *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 309 (D. Kan. 1996).

[13] *See id.* at *8 (citing *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004)).

4

court sees no reason to modify this request.  Defendant's objections are overruled, and plaintiff's motion to compel is granted with respect to this request.

      **B.**      **Request No. 37**

This request seeks time sheets, commission sheets and statements, and payroll records from 2007 to the present for several UTA employees, including plaintiff's granddaughter.[14] Plaintiff argues this information is relevant because defendant contends one of the reasons it terminated plaintiff's employment was because plaintiff allegedly had some role in her granddaughter, also a UTA employee, receiving undue commissions in violation of company policy.  Plaintiff contends these requests will show how other customer service representatives were actually being paid.  Moreover, plaintiff states defendant has never produced a copy of its policy on commissions, and she states defendant has claimed no written policy exists.

Defendant's overbreadth and relevance objections are substantially the same.  Defendant argues this request is overly broad because it seeks information regarding other non-party employees aside from plaintiff's granddaughter—information defendant contends is not relevant. Defendant also argues the request seeks irrelevant information because these documents will not establish that potential employee misconduct was actually known to Mr. Mock, the decision-maker.  However, documents concerning other customer service representatives' compensation could conceivably unearth discrepancies that would provide a basis for plaintiff to further inquire about the extent of Mr. Mock's knowledge on the subject.  Accordingly, defendant's objections are overruled, and plaintiff's motion to compel is granted with respect to this request.

      **C.**      **Request No. 38**

---

[14] Def.'s Resp. to Pl.'s Third Requests for Produc. of Docs. at 6, ECF No. 65-5.

This request seeks schedules, calendars, day planners, appointment books or similar documents for Craig Mock and Jennifer Pachner for the 2009 calendar year.[15] Plaintiff states these documents will likely lead to the discovery of evidence regarding the timing of plaintiff's termination decision, and "the dates of other events relevant to Linnebur's claims."[16] Pachner, who filled plaintiff's position after her termination, does not appear to have had a role in the decision to terminate plaintiff's employment. Therefore, documents related to Pachner's 2009 schedule do not appear to be facially relevant, and plaintiff has not carried her burden to establish relevance. The same is true for Mock's schedule from July 2009 through December 2009, the time period after plaintiff's employment was terminated. However, Mock's schedule from January 2009 through June 2009 does appear facially relevant for the purpose plaintiff states. In other words, Mock's schedule during the months leading up to plaintiff's termination could provide details about board meetings and his dealings with plaintiff, among other things. As such, the court cannot say this information would have no possible bearing on the claims or defenses in this case. Accordingly, defendant's relevance objection is sustained in part and overruled in part, and plaintiff's motion to compel is granted in part and denied in part with respect to this request. Defendant shall supplement its response to this discovery request, which the court limits to: All of Craig Mock's schedules, calendars, day planners, appointment books, and/or similar documents, by whatever name, whether paper or electronic (this would include schedules or calendars maintained in Outlook Express or any other electronic system), whether maintained directly by Craig Mock or by a secretary or other office assistant for the months of

---

[15] *Id.* at 7.

[16] Mem. in Supp. Of Pl.'s Second Mot. to Compel at 16, ECF No. 65.

January 2009 through June 2009.

**D.      Request Nos. 39, 40, 55, 57, 58, 59, and 65[17]**

These requests seek various categories of UTA's financial data, including accounting records.[18]  Plaintiff states discovery of this information is necessary because UTA alleges one of the reasons it terminated plaintiff's employment was because she failed to detect a significant accounting error.  Plaintiff states this information could show this proffered reason for plaintiff's termination is not credible.  Defendant contends it has already produced a great deal of financial information.  Defendant also states that these requests are overly broad and should be limited to the accounting error at issue.  However, plaintiff's motion explains that a number of these documents would reveal how UTA treated accounting errors overseen by plaintiff's younger replacement.  Moreover, these requests do not appear facially overbroad.  They describe with particularity the types of documents plaintiff seeks, and all of the requests are limited in temporal scope.  Accordingly, defendant's objections are overruled, and plaintiff's motion to compel is granted with respect to these requests.

**E.      Request Nos. 43, 44, 45, 48, and 49**

These requests seek bonus and salary increase schedules prepared by Mr. Mock, bonus and salary increase schedules presented to defendant's board of directors, and related

---

[17] Request No. 65 seeks, "UTA Financial Reports dated April 30 and August 31 of each year from 2006 to the present."  *See* Def.'s Response to Pl.'s Fourth Request for Prod. of Documents at 3, ECF 65-6.  In her reply brief, plaintiff states defendant has now produced financial reports dated April 30 of each year from 2006 to the present. *See* Pl.'s Reply in Supp. of Pl.'s Second Mot. to Compel at 6, ECF No. 91.  Accordingly, the motion to compel is now moot, in part, as to this request only.

[18] Def.'s Resp. to Pl.'s Third Requests for Produc. of Docs. at 7-8, 18-20, ECF No. 65-5; Def.'s Resp. to Pl.'s Fourth Requests for Produc. of Docs. at 3, ECF No. 65-6.

documents.[19] Defendant's position on these discovery requests is somewhat difficult to follow. In its response brief, defendant does not explicitly rely on a recognized objection. Rather, defendant contends these document requests are "duplicative" of each other and of previously served discovery requests. While the court has the authority to limit the frequency or extent of "unreasonably cumulative or duplicative" discovery,[20] defendant does not specify how these potentially overlapping discovery requests are unreasonably duplicative or have imposed an undue burden. Accordingly, the motion to compel is granted with respect to this request, and to the extent defendant has lodged any objections to this request, they are overruled.

F. Request No. 50

This request seeks documents "reflecting discussion or action taken by the Board regarding each of the proposed pay increase lists presented to them, from the time Craig Mock became General Manager to the present."[21] Mr. Mock became the general manager in 1994. Defendant contends the request is overly broad because of the lengthy temporal scope of requested documents. In support of this argument, defendant cites *Long v. Landvest Corp.* for the proposition that a ten- or five-year temporal scope for discovery in an employment action could be overly broad.[22] In that case, however, the court limited the temporal scope of certain discovery requests based on the statute of limitations in a Fair Labor Standards Act case.[23] In

---

[19] Def.'s Resp. to Pl.'s Third Requests for Produc. of Docs. at 9-13, ECF No. 65-5.

[20] Fed. R. Civ. P. 26(b)(2)(C)(i).

[21] Def.'s Resp. to Pl.'s Third Requests for Produc. of Docs. at 13, ECF No. 65-5.

[22] *Long v. Landvest Corp.*, No. 04-2025-CM-DJW, 2006 WL 897612, at *7-8 (D. Kan. Mar. 31, 2006).

[23] *Id.* at *7 ("As the FLSA allows for recovery for willful violations for a period of three years, the Court finds that discovery covering the three-year period prior to Plaintiffs' termination to be a reasonable discovery period.").

8

this case, plaintiff contends she requires these documents because defendant has put her work performance at issue. Thus, documents regarding pay increases could tend to support or negate defendant's allegations. Although this particular request contains a relatively lengthy temporal scope, the court sees no reason to sustain defendant's objection or to limit the request. Temporal scope objections are typically intertwined with relevance arguments or arguments concerning the burden on the producing party. The court has already found this request seeks relevant information, and defendant makes no argument that responding to this request poses an undue burden. Accordingly, defendant's objections are overruled, and the motion to compel is granted with respect to this request.

### G.  Request Nos. 51 and 52

These requests seek production in native format of e-mails and/or attachments drafted, sent or received by Mr. Mock from January 2007 to the present that contain a specified list of search terms.[24] Defendant asserts an attorney-client privilege/work product objection, an undue burden objection, and a relevance objection.

Defendant argues that search terms such as "Jeanie" and "discrimination" may encompass e-mail correspondence that is privileged or otherwise protected. The party asserting objections based upon work product immunity and/or the attorney-client privilege, bears the burden of establishing that either or both apply.[25] To carry that burden, the objecting party must describe in detail the documents or information to be protected and must provide precise reasons

---

[24] Def.'s Resp. to Pl.'s Third Requests for Produc. of Docs. at 13-15, ECF No. 65-5.

[25] *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000).

for the objection to discovery.[26] Making this showing typically requires submission of a privilege log.[27] Defendant has not supplied the court or opposing counsel with a privilege log. Indeed, it appears defendant has not even identified which, if any documents, may be privileged or otherwise protected because defendant has not conducted the requested searches. Defendant has not carried its burden to support its objections. Moreover, it appears a vast majority of the information plaintiff seeks would not be subject to the attorney-client privilege or work-product protection. Defendant has a duty to respond to the discovery requests to the extent the request is not objectionable.[28] It has not done so.

Defendant also fails to support its undue burden objection. As the party asserting an undue burden objection, defendant must set forth facts justifying the objection "by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[29] This means defendant must show "not only undue burden or expense but that the burden or expense is unreasonable in light of the benefits to be secured from discovery."[30] This imposes an obligation "to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[31] Typically, this showing requires an "affidavit or

---

[26] *McCoo*, 192 F.R.D. at 680 (quoting *Nat'l Union Fire Ins. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994)).

[27] *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, No. 05-2433-JWL-DJW, 2007 WL 1347754, at *2 (D. Kan. May 8, 2007).

[28] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 539 (D. Kan. 2003).

[29] *G.D. v. Monarch Plastic Surgery, P.A.*, No. 06-2184-CM, 2007 WL 201150, at *2 (D. Kan. Jan. 22, 2007) (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002)).

[30] *Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 3171768, at *2 (D. Kan. Oct. 29, 2007) (quoting *Cardenas*, 232 F.R.D. at 380).

[31] *G.D. v. Monarch Plastic Surgery, P.A.*, 2007 WL 201150, at *2 (quoting *Horizon Holdings*, 209 F.R.D. at 213).

other evidentiary proof of the time or expense involved" in responding to the discovery request.[32] Defendant merely provides examples of where it *may* have to search to locate responsive information, but defendant fails to provide an affidavit or other evidentiary support—let alone a detailed explanation—that shows the time or expense involved in responding to these requests. Therefore, defendant's undue burden objection is overruled.

Defendant also makes a brief conclusory statement that the request is overly broad because Mr. Mock is not a party to this suit. This argument is insufficient to support defendant's overbreadth objection. Accordingly, defendant's objections are overruled, and plaintiff's motion to compel is granted with respect to these requests.

### H.     Request Nos. 53

This request seeks e-mails sent or received (including carbon copies and blind carbon copies) by Mr. Mock during a ten-day period of time in June 2009.[33] Plaintiff informs the court this ten-day period of time encompasses the date on which Mr. Mock contends he discovered the accounting error, the time period in which the decision was made to terminate plaintiff's employment, and the time period in which plaintiff's employment was actually terminated. Defendant contends this request is overly broad and seeks information that is not relevant. Defendant argues the request should be limited to e-mails sent or received by Mr. Mock that are relevant to this litigation.

This request appears facially overbroad in that it encompasses some documents that would certainly be relevant to this litigation but also likely encompasses a number of documents

---

[32] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 663, 653 (D. Kan. 2004) (citing *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 Wl 1249339 at *6 n.4 (D. Kan. Oct. 9, 2011)).

[33] Def.'s Resp. to Pl.'s Third Requests for Produc. of Docs. at 17, ECF No. 65-5.

that relate to the general happenings at UTA or other matters not involving plaintiff. This is an issue the parties should have been capable of resolving. Defendant has a duty to respond to the discovery request to the extent it is not objectionable,[34] and there is nothing before the court indicating defendant has produced any of the relevant e-mails sent or received by Mr. Mock. Plaintiff most likely was not interested in e-mails collateral to this litigation, and she should have agreed to narrow her request during the course of the parties' meet-and-confer sessions. The court modifies the request as follows: Defendant shall produce all e-mails sent or received by Mr. Mock—including e-mails on which he was carbon copied or blind carbon copied—from June 18, 2009, to June 26, 2009, that in any way mention plaintiff and/or make any reference to the decision to terminate her employment. Defendant's objections are sustained in part and overruled in part, and the motion to compel is granted in part and denied in part as to this request.

### I.   Request No. 54

This request seeks all documents memorializing or summarizing board meetings from January 1, 2007, to the present.[35] The court finds this document request seeks facially relevant information and that the request is not otherwise facially objectionable. As such, defendant bears the burden of supporting its objections. Defendant asserts a number of objections—including that the document request does not seek relevant information and is "overly broad, unnecessarily voluminous, and as such, unduly burdensome."[36] Defendant

---

[34] *Aikens*, 217 F.R.D. at 539.

[35] Def.'s Resp. to Pl.'s Third Requests for Produc. of Docs. at 18, ECF No. 65-5.

[36] Def.'s Mem. in Opp'n of Pl.'s Second Mot. to Compel at 18, ECF No. 89.

attempts to support all of these objections in one sentence: "Such request seeks documents dating back to January 1, 2007, before the events leading up to Plaintiff's termination."[37] This brief argument is insufficient to support these objections. Accordingly, defendant's objections are overruled, and the motion to compel is granted with respect to this request.

### J. Request No. 62

Plaintiff's reply brief states that she has withdrawn this request.[38] Accordingly, the motion to compel is now moot with respect to this request.

### K. Native Format

Defendant generally objects to producing in native format information responsive to Request Nos. 51, 52, 61, 67, and 68. Defendant argues producing printed e-mails should be sufficient for plaintiff to determine basic information concerning the date, time, author, and recipient of these documents. Defendant contends production of this electronically stored information ("ESI") in native format does not appear facially relevant and that plaintiff has not met its burden to establish relevance. The court previously addressed this subject when ruling on plaintiff's first motion to compel, which the undersigned encourages defendant to review.

As the court previously outlined, plaintiff may specify the form in which defendant should produce the requested ESI.[39] Defendant bears the burden of showing the information is

---

[37] *Id.* at 18-19.

[38] Pl.'s Reply in Supp. of Pl.'s Second Mot. to Compel at 12, ECF No. 91.

[39] *See* Fed. R. Civ. P. 34(b)(1)(C) (stating that a request for production "may specify the form or forms in which electronically stored information is to be produced").

13

not reasonably accessible because of undue burden or cost.[40]  In this case, defendant fails to show, or even argue, the requested ESI is not reasonably accessible because of undue burden or cost.  Accordingly, defendant's objections are overruled, and the motion to compel is granted with respect to production of the requested ESI in native format.

### L. Interrogatory No. 14

This interrogatory asks defendant to describe the sources, search methodologies, and persons who conducted searches with respect to defendant's effort to search, identify, and produce documents or otherwise respond to five specified document production requests.[41]  The court finds this interrogatory seeks facially relevant information and is not otherwise facially objectionable.  Therefore, defendant bears the burden to support its objections.  Defendant asserts a myriad of objections in response to the motion to compel, but defendant fails to offer anything beyond brief conclusory statements as to how this interrogatory is objectionable.  Defendant's objections are overruled, and the motion to compel is granted with respect to this request.

### M. Additional Discovery

For the first time in her reply brief, plaintiff asks the court to compel defendant to produce documents responsive to Request Nos. 34, 35, 36, 38 (in part), 63, 64, and 66.[42]  She states that defendant had promised it would produce responsive documents but had failed to do

---

[40] *See* Fed. R. Civ. P. 26(b)(2)(B) ("On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause . . . .").

[41] Def.'s Resps. to Pl.'s Second Set of Interrogs. at 4, ECF No. 65-8.

[42] Pl.'s Reply in Support of Pl.'s Second Mot. to Compel at 2, ECF No. 91.

so. Plaintiff has failed to point the court to any evidence definitively showing that defendant agreed to this production. Moreover, the court does not consider relief requested for the first time in a reply brief.[43] For these reasons, the court will not consider plaintiff's request at this juncture. However, in light of the possibility that defendant made a promise, or promises, to provide documents responsive to these requests, the court grants plaintiff leave to file a motion to compel production of these documents within fourteen (14) days from the date of this order. Plaintiff shall meaningfully confer with defendant prior to filing such a motion.

## IV. Expenses

Fed. R. Civ. P. 37(a)(5) provides that when a motion to compel is granted in part and denied in part, "the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[44] In this case, an award of reasonable expenses may be appropriate under the circumstances. The court has granted the bulk of plaintiff's lengthy motion to compel. Indeed, the court sustained in part only two of defendant's numerous objections. Moreover, many arguments asserted in support of defendant's objections are conclusory,[45] brief,[46] or entirely speculative.[47] The pervasiveness of these boilerplate objections is particularly troubling in light of the fact the undersigned has granted lengthy extensions of time for defendant to file its

---

[43] *In re Bank of Am. Wage & Hour Emp't Practices Litig.*, — F.R.D. —, 2011 WL 2937159, at *1 (D. Kan. 2011) (citing *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009); *Minshall v. McGraw Broad. Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)).

[44] Fed. R. Civ. P. 37(a)(5)(C).

[45] *See supra* Section III.G (discussing the lack of support for defendant's undue burden objection).

[46] *See supra* Section III.I (noting that defendant attempts to support multiple objections in a one-sentence argument).

[47] *See supra* Section III.G (overruling defendant's attorney-client privilege/work product objections, which defendant asserts without any indication that defendant had even conducted the requested searches or identified any privileged or protected documents).

response brief under the assertion that the parties needed more time to confer regarding this dispute.

The court directs defense counsel to *Mancia v. Mayflower Textile Services Company*, an opinion from the District of Maryland in which Chief Magistrate Judge Paul W. Grimm discusses at length the requirements Fed. R. Civ. P. 26(g) imposes on counsel.[48] Among other things, Rule 26(g) specifies that an attorney's signature on discovery objections constitutes a certification — "that to the best of the person's knowledge, information, and belief *formed after a reasonable inquiry*"—that the objection is consistent with the Federal Rules and existing law or is otherwise non-frivolous.[49] In short, one of purposes of Rule 26(g) was "to bring an end to the [] abusive practice of objecting to discovery requests reflexively—but not reflectively—and without a factual basis."[50] For these reasons, within fourteen (14) days from the date of this order, defendant shall show cause in writing to the undersigned magistrate judge why it should not be taxed with plaintiff's reasonable expenses incurred as a result of filing the instant motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Compel (ECF No. 64) is hereby granted in part and denied in part. Within fourteen (14) days from the date of this order, defendant shall produce documents responsive to Request Nos. 33, 37, 38 (as modified), 39, 40, 43, 44, 45, 48, 49, 50, 51, 52, 53 (as modified), 54, 55, 57, 58, 59, 61, 65, 67, 68, and defendant shall answer in full Interrogatory No. 14.

---

[48] *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

[49] Fed. R. Civ. P. 26(g)(1)(B)(I) (emphasis supplied).

[50] *Mancia*, 253 F.R.D. at 358.

**IT IS FURTHER ORDERED** that within fourteen (14) days from the date of this order, defendant shall show cause in writing to the undersigned magistrate judge why it should not be taxed with plaintiff's reasonable expenses incurred as a result of filing the instant motion.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2011, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
