# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EVELYN JEAN LINNEBUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 10-1379-RDR |
| | ) |
| UNITED TELEPHONE ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court upon defendant's responses to the court's orders requiring defendant to show cause why it should not be taxed with plaintiff's reasonable fees and expenses incurred as a result of filing her second and third motions to compel.[1] Because some of the objections asserted in defendant's response to plaintiff's second motion to compel were substantially justified, the court will apply a fifty-percent reduction to the overall reasonable fees and expenses defense counsel must pay. Because none of defendant's positions asserted in defendant's response to plaintiff's third motion to compel were substantially justified, the court will require defense counsel to pay all of plaintiff's reasonable fees and expenses incurred as a result of filing this motion.

## I.    Background

On October 27, 2011, the court granted in part and denied in part Plaintiff Evelyn Jean Linnebur's second motion to compel, overruling nearly all of Defendant United Telephone Association's objections. The court ordered United Telephone Association (UTA) to show cause

---

[1] Defense counsel's response to the court's first order to show cause fails to include the Westlaw or LexisNexis citations for some of the unpublished opinions cited in the brief. In the future, all briefs shall include proper citations. If an unpublished decision is unavailable electronically, it must be attached as an exhibit. *See* D. Kan. Rule 7.6(c).

why it should not be taxed with Ms. Linnebur's reasonable fees and expenses incurred as a result of filing the motion to compel. By the time the court had ruled on Ms. Linnebur's second motion to compel, her third motion to compel had become fully briefed. Many of the discovery requests at issue in the third motion to compel were similar to the discovery requests at issue in the second motion to compel, as were UTA's objections. On November 14, 2011, UTA filed a notice stating that it had agreed to concede to all discovery requests at issue in the third motion to compel.[2] Ms. Linnebur, however, still sought reasonable fees and expenses incurred in making the motion. The court again ordered UTA to show cause why it should not be taxed with paying Ms. Linnebur's fees and expenses.

## II.     Discussion

The Federal Rules of Civil Procedure provide that when a motion to compel is granted in part and denied in part, the court *may* apportion reasonable fees and expenses.[3] For example, when the court overrules many of the resisting party's objections, a significant number of which are not substantially justified, an award of some fees and expenses may be appropriate.[4] When a motion to compel is granted in full, or when disclosure or discovery is provided after a motion to compel has been filed, the court *must* award fees and expenses unless: "(I) the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action; (ii) the opposing party's nondisclsoure, response, or objection was substantially justified; or (iii)

---

[2] *See* Def.'s Notice of Resolution of Disc. Disputes Contained in Pl.'s Third Mot. to Compel at 2, ECF No. 98.

[3] Fed. R. Civ. P. 37(a)(5)(C).

[4] *See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 692–93 (D. Kan. 2004) (deeming it just to allow the moving party "to recover a portion, if not all," of its reasonable expenses and attorney fees when a motion to compel was granted in part but the court had overruled a significant number of objections that were not substantially justified).

other circumstances make an award of expenses unjust."[5] Here, UTA argues its objections were substantially justified and other circumstances make an award of expenses unjust.

### A. Substantial Justification

Courts have generally found that a party's position is "substantially justified" within the meaning of Rule 37 if it is "'justified to a degree that could satisfy a reasonable person' or if 'reasonable people could differ as to the appropriateness of the objection or response.'"[6] Substantial justification does not require a high degree of justification.[7]

### 1. Objections Asserted in Response to the Second Motion to Compel

Here, the court finds that some, but not all, of UTA's objections raised in its response to Ms. Linnebur's second motion to compel were substantially justified. In response to the motion, UTA asserted relevance and overbreadth objections to the bulk of Ms. Linnebur's discovery requests. UTA's overbreadth objections were largely intertwined with its relevance objections. That is, UTA essentially argued that some discovery requests were overly broad because they encompassed information not relevant to this case.[8] Although the court disagreed with UTA's narrow view of relevance, the undersigned cannot say these arguments were meritless. These include UTA's relevance and/or overbreadth objections asserted in response to Request Nos. 33, 37, 38, 39, 40, 53, 55, 57, 58, 59, and 65. UTA's objection to the temporal scope of Request No.

---

[5] Fed. R. Civ. P. 37(a)(5)(A).

[6] *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2011 WL 4008009, at *1 (D. Kan. Sept. 1, 2011) (quoting *Anderson v. United Parcel Serv., Inc.*, Civ A. No. 09-2526-KHV-DJW, 2010 WL 4822564, at *12 (D. Kan. Nov. 22, 2010)); *see also Sheppard v. Valley Fitness One, L.P.*, 428 F.3d 1, 12 (1st Cir. 2005); *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997); *Cardenas v. Dorel Juvenile Grp., Inc.*, No. 04-2478-KHV-DJW, 2005 WL 3503625, at *2 (D. Kan. Dec. 22, 2005).

[7] *See High Point*, 2011 WL 4008009, at *1.

[8] *See, e.g.*, Def.'s Mem. in Opp'n of Pl.'s Second Mot. to Compel at 4-5, ECF No. 89

50, which encompassed a seventeen-year time period, was also substantially justified. And, although difficult to track, UTA's "duplicative" objection raised in response to Request Nos. 43, 44, 45, 48, and 49, seeking bonus and salary information, was also substantially justified. Reasonable minds could differ as to the appropriateness of these objections.

The court reaches this conclusion by reviewing UTA's response brief to Ms. Linnebur's second motion to compel. Indeed, UTA's responses to both orders to show cause largely assert new explanations as to why Ms. Linnebur's discovery requests were objectionable. And they appear to be more aimed at misconstruing or misstating this court's orders—or blaming Ms. Linnebur's counsel for discovery delays—rather than showing how UTA's objections were substantially justified.

### i. Production of ESI in Native Format

For example, when discussing UTA's objection to producing electronically stored information (ESI) in native format, UTA suggests a prior court order confused defense counsel about the burden on the party resisting production. In the memorandum and order granting in part plaintiff's first motion to compel, the court stated, "Defendant maintains . . . [p]laintiff is charged with explaining why she requires production of ESI in native format. Plaintiff, however, has done so[.]"[9] Based on this passage, UTA says the court seemingly agreed that Ms. Linnebur bore the burden of showing why she required production in native format. And because of this "confusion," UTA was substantially justified in subsequently objecting to producing ESI responsive to Request Nos. 51, 52, 61, and 67.[10] The problem is that the opinion also says this:

---

[9] *Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2011 WL 3490022, at *2 (D. Kan. Aug. 10, 2011).

[10] *See* Def.'s Mem. to Show Cause in Response to Court's Oct. 27, 2011, Order, at 19, ECF No. 114.

"Moreover, the plain language of Rule 26(b) imposes the burden on 'the party from whom discovery is sought' to 'show the information is not reasonably accessible because of undue burden or cost.' Defendant makes no such showing."[11] This passage appears in the same paragraph as the passage UTA cites as creating confusion. The opinion goes on to further outline the appropriate burdens.[12]

Considering the court's statements in full—coupled with the plain language of the Federal Rules of Civil Procedure—the undersigned, frankly, is incredulous that UTA's counsel was confused. In its response to the motion to compel, UTA failed to cite any authority in support of its position, which seems to be contrary to the Federal Rules of Civil Procedure. The court finds UTA's objection to production of ESI in native format was not substantially justified.

### ii. Attorney-Client Privilege and Work-Product Objections

UTA also failed to support its attorney-client privilege and work-product objections. Request Nos. 51 and 52 sought e-mails, containing a specified list of terms, sent or received by Ms. Linnebur's former supervisor from January 2007 to the present. UTA contended some of the responsive documents "may" encompass attorney-client privileged or work-product-protected communications.[13] Yet, despite clear case law from the Tenth Circuit and from this district requiring the objecting party to establish that the communications are in fact privileged or work-product-protected, UTA failed to offer any explanation.[14] This is because UTA declined to run

---

[11] *Linnebur*, 2011 WL 3490022, at *2.

[12] *Id.* (emphasis in original).

[13] *See* Def.'s Mem. in Opp'n of Pl.'s Mot. to Compel at 12, ECF No. 89.

[14] *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000).

the requested searches and identify any potentially privileged or work-product-protected documents. In response to the order to show cause, UTA states that because the requests were entirely objectionable in that they were overly broad and sought irrelevant information, UTA did not run the requested searches to identify the documents. Notably, UTA also failed to support these objections, too.

UTA cites no authority supporting its position that an objecting party is somehow relieved of its obligation to substantiate its privilege and work-product objections because it also asserts other objections. Indeed, this proposition is contrary to the plain language of the Federal Rules of Civil Procedure, which require an objecting party to have a reasonable basis for lodging objections to discovery requests.[15] Moreover, Rule 26(b)(5) explicitly requires that the party withholding discovery on this basis must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that . . . will enable other parties to assess the claim."[16] Finally, case law is clear on this point: Blanket claims of attorney-client privilege or work-product protection do not satisfy the objecting party's burden of proof.[17] And an objecting party's "failure to meet this burden when the trial court is asked to rule upon the existence of the privilege is not excused because the document is later shown to be one that would have been privileged if a timely showing had been made."[18] In fact, UTA does not explain how it expected the court to evaluate these objections when it failed to

---

[15] *See* Fed. R. Civ. P. 26(g)(1)(B).

[16] Fed. R. Civ. P. 26(g)(5)(A).

[17] *White v. Graceland College Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1267-68 (D. Kan. 2008).

[18] *Id.* at 1268 (citing *Peat*, 748 F.2d at 542.

6

provide any detail about the communications it argued *may* be privileged or work-product-protected. The court finds UTA's attorney-client privilege and work-product objections were not substantially justified.

### iii. Undue Burden Objection

Similarly, UTA also asserted an unsupported undue burden objection to Request Nos. 51 and 52. Again, this district's case law is clear about what is required to support an undue burden objection. The objecting party must set forth facts justifying the objection "by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[19] This means the objecting party must show "not only undue burden or expense but that the burden or expense is unreasonable in light of the benefits to be secured from discovery."[20] This imposes an obligation "to provide sufficient detail in terms of time, money and procedure required to produce the requested documents."[21] Typically, this showing is made through an "affidavit or other evidentiary proof of the time or expense involved."[22] UTA, however, provided no information about what would be required for it to comply with the requests. Instead, UTA offered only speculation about where it may have to search to locate responsive information.

In its response to the order to show cause, UTA suggests that in some instances when a discovery request is facially overbroad, the court will sustain an undue burden objection without

---

[19] *G.D. v. Monarch Plastic Surgery, P.A.*, No. 06-2184-CM, 2007 WL 201150, at *2 (D. Kan. Jan. 22, 2007) (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002)).

[20] *Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 3171768, at *2 (D. Kan. Oct. 29, 2007) (quoting *Cardenas Dorel Juvenile Grp.*, , 232 F.R.D. 377, 380 (D. Kan. 2005)).

[21] *G.D.*, 2007 WL 201150, at *2 (quoting *Horizon Holdings*, 209 F.R.D. at 213).

[22] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004) (citing *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 1249339 at *6 n.4 (D. Kan. Oct. 9, 2001)).

requiring a particularized showing. UTA fails to cite any case law taking this approach.[23] Nevertheless, UTA is generally correct that when a discovery request is facially objectionable—and the proponent of the discovery has not demonstrated how it is not—the court will not compel discovery or disclosure.[24] But just because a discovery request is facially overbroad does not necessarily render the request facially unduly burdensome. More importantly, in this case the court did not find that these discovery requests were facially objectionable. And even if they were, that one party might draft a flawed discovery request does not warrant lodging baseless objections. The court finds UTA's undue burden objection was not substantially justified. UTA briefly asserted other objections to these requests—that they were overly broad, oppressive, [and] irrelevant"— but UTA failed to offer any support for these objections.[25] In its response to the order to show cause, UTA states its relevance objection was justified because the requested searches did not unearth any relevant information.[26] The outcome of the searches does not establish that UTA's objection was substantially justified. UTA did not know whether the searches would produce the results Ms. Linnebur sought because UTA did not run the searches by the time it responded to the motion to compel. These objections were not

---

[23] UTA cites only *Martinelli v. Petland, Inc.*, No. 10-407-RDR, 2010 WL 3947526, at *4 (D. Kan Oct. 7, 2010), for its general statements concerning when a discovery request may be facially overbroad. In that case, the court ruled that certain document requests were overly broad on their face. The court did not, however, sustain an undue burden objection on this basis. In fact, the court found that the subpoena at issue did not impose an undue burden on the party seeking to quash. *See id.* at *6.

[24] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

[25] Def.'s Mem. in Opp'n of Pl.'s Second Mot. to Compel at 12, ECF No. 89.

[26] *See* Def.'s Mem. to Show Cause in Response to Court's Oct. 27, 2011, Order, at 18, ECF No. 114.

substantially justified because they were unsupported with any particularized arguments.[27]

### iv.     Other Unsupported Objections

UTA also lodged a litany of unsupported objections in response to Request No. 54, which sought documents memorializing board meetings, and in response to Interrogatory No. 14, which sought information about how UTA conducted the searches of ESI. As to the request for production, UTA stated,

> This discovery request is overly broad, unnecessarily voluminous, and as such, unduly burdensome. Furthermore, it seeks discovery of irrelevant information and is not reasonably calculated to lead to the discovery of admissible information. Such request seeks documents dating back to January 1, 2007, before the events leading up to Plaintiff's termination.[28]

This is all UTA stated when addressing the request in its response to the motion to compel. The court overruled all of these objections, finding that UTA's single statement about the temporal scope of the request was insufficient to support its objections.[29] UTA's arguments as to the interrogatory were equally brief,

> Defendant objects to this interrogatory, in part, because it seeks to invade the attorney-client privilege and/or the work-product doctrine. Furthermore, this discovery request is overly broad, oppressive, irrelevant to the subject matter of the litigation, and not reasonably calculated to lead to the discovery of admissible evidence. To comply with this interrogatory would be an undue burden and expense on Defendant. The interrogatory is calculate to annoy and harass Defendant. Furthermore, this request is premature to the extent Plaintiff seeks information regarding

---

[27] *See Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004) (stating an objecting party must specifically show how each request is objectionable because otherwise the court would be left with no basis to rule on the objections).

[28] Def.'s Mem. in Opp'n of Pl.'s Second Mot. to Compel at 18, ECF No. 89.

[29] *Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2011 WL 5103300, at *6 (D. Kan. Oct. 27, 2011).

> searches for electronic copies of documents in their native format. Defendant has objected to [these requests] for various reasons and Plaintiff has no basis for requesting this information.[30]

The court overruled all of these objections, finding that UTA offered only conclusory statements.[31] The only argument that comes close to being valid is the argument that the interrogatory is objectionable because seeks information about how UTA formulated its responses to several requests for production, to which UTA had also objected. Those requests, however, involved the production of ESI in native format. And as previously addressed, UTA's objections to those requests were also baseless. UTA cannot assert baseless objections to requests for production and then rely on this position in objecting to an interrogatory seeking information about how UTA responded to the requests for production. The court finds the objections to this request for production and interrogatory were not substantially justified.

### 2. Objections Asserted in Response to the Third Motion to Compel

A number of discovery requests at issue in Ms. Linnebur's third motion to compel are similar to the discovery requests at issue in the second motion to compel. UTA argues these objections were substantially justified even though UTA ultimately withdrew them and agreed to provide the discovery sought. The court agrees that under these circumstances, it is appropriate to consider whether the objections UTA advanced in its response to the third motion to compel were substantially justified. Both motions were filed in close proximity, and the court had not yet ruled on Ms. Linnebur's second motion to compel at the time UTA filed its response brief to the third motion to compel. In short, UTA likely withdrew its objections because it anticipated,

---

[30] Def.'s Mem. in Opp'n of Pl.'s Second Mot. to Compel at 19, ECF No. 89.

[31] *Linnebur*, 2011 WL 5103300, at *6.

based on the ruling on Ms. Linnebur's second motion to compel, that the court would also overrule the bulk of similar objections UTA asserted in its response to Ms. Linnebur's third motion to compel. But because a number of these objections were similar, the court also finds they were not substantially justified for the reasons just explained.

### i. Unsupported Objections

UTA again asserted wholly unsupported objections—among them attorney-client privilege, work-product, and undue burden objections in response to Request No. 69. For the same reasons previously discussed with regard to Requests Nos. 51 and 52, those objections were not substantially justified. And UTA's response to the order to show cause merely elaborates on why UTA believed Ms. Linnebur's request was flawed. It does not show that reasonable minds could differ as to the appropriateness of these objections.

Interrogatory No. 15 seeks information about the sources and search methodologies used to respond to Request No. 69. UTA's response to the motion compel argues Ms. Linnebur was premature in seeking to compel this response because UTA had objected to Request No. 69. The court has found UTA's objections to that request were not substantially justified. The court likewise finds UTA's position was not substantially justified as to the interrogatory.

### ii. Waived Objections

By failing to timely respond or object to Ms. Linnebur's Seventh Request for Production and Fourth Set of Interrogatories, UTA waived all of its objections to these discovery requests. The Federal Rules of Civil Procedure provide that a party responding to discovery requests shall do so within thirty days after being served with the requests.[32] The parties may stipulate to a

---

[32] *See* Fed. R. Civ. P. 33(b)(2) (pertaining to responses and objections to interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (pertaining to responses and objections to requests for production).

11

shorter or longer period under Fed. R. Civ. P. 29, or the parties may move for a court order granting additional time to respond or object.[33] If a responding party fails to lodge timely objections to discovery requests, those objections are deemed waived unless the court excuses the failure for good cause.[34] The showing of "good cause" in this context typically requires "*at least as much* as would be required to show excusable neglect."[35] The party failing to assert timely objections must show it could not have reasonably met the deadline to respond despite due diligence.[36] Mistake of counsel, ignorance of the rules, or lack of prejudice to the opposing party generally does not constitute "good cause."[37]

Ms. Linnebur served UTA with her discovery requests on June 16, 2011.[38] The parties stipulated that UTA would have up to July 25, 2011, to respond.[39] Ms. Linnebur did not stipulate to any further extensions,[40] and UTA did not respond to the discovery requests until August 29, 2011.[41] In response to the motion to compel, UTA did not outright deny that it failed to timely respond to plaintiff's discovery requests. Rather, UTA contended Ms. Linnebur's

---

[33] Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

[34] *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure."); *see also Brackens v. Shield*, No. 06-2405-JWL-DJW, 2007 WL 2122428, at *1 n.3 (D. Kan. July 20, 2007) ("It is well settled that in the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived.") (citing *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan. 1998)).

[35] *Starlight*, 181 F.R.D. at 496 (D. Kan. 1998) (emphasis in original).

[36] *Id.* at 497; *Farha v. Idbeis*, No. 09-1059-JTM, 2010 WL 3168146, at *5 (D. Kan. Aug. 10, 2010).

[37] *Starlight*, 181 F.R.D. at 496-97; *Farha*, 2010 WL 3168146, at *5.

[38] *See* Notice of Service of Discovery Requests to Defendant at 1, ECF No. 56.

[39] *See* Mem. in Supp. of Pl.'s Third Mot. to Compel at 7, ECF No. 86.

[40] *Id.*

[41] *See* Notice of Service at 1, ECF No. 75.

Case 6:10-cv-01379-RDR-KGS   Document 149   Filed 04/09/12   Page 13 of 18

counsel was attempting to capitalize on the fact that one of UTA's attorneys was about to take maternity leave and was in the process of transitioning this case to another attorney at her firm. But UTA failed to explain how these circumstances factored into its failure to respond. Moreover, this inappropriate speculation about Ms. Linnebur's counsel's tactics was unsupported by any evidence.

UTA takes a slightly different position in response to the order to show cause. UTA now argues it did not waive its objections because one of its attorneys informed Ms. Linnebur's counsel she would send the discovery responses at a later date.[42] UTA points to a July 26, 2011 e-mail from defense counsel to plaintiff's counsel in which defense counsel states, "I will send you these documents/information as soon as we get this issue resolved (either later today or early tomorrow)."[43] Notably, UTA's quotation of this e-mail omits the portion that appears in parenthesis.[44] In UTA's version, a period appears after the word, "resolved," even though the sentence continues. UTA's selective omission of the rest of the quotation alters the meaning of what was conveyed to Ms. Linnebur's counsel. UTA relies on its own version of the quotation to argue that the e-mail somehow constituted a request for an extension that UTA had no reason to believe Ms. Linnebur would deny. Quite simply, UTA's inclusion of this selective quotation as the basis for this argument is misleading if not an outright misrepresentation to the court.

Nevertheless, the fact remains that Ms. Linnebur did not stipulate to this extension, and UTA did not seek an extension from the court. The fact that Ms. Linnebur's counsel had

---

[42] *See* Def.'s Mem to Show Cause in Response to Court's Nov. 15, 2011 Order, at 11, ECF No. 122.

[43] E-mail from Jessica Garner to Christine Louis at 1, ECF No. 90-2, July 26, 2011.

[44] *See* Def.'s Mem to Show Cause in Response to Court's Nov. 15, 2011 Order, at 11, ECF No. 122.

previously agreed to certain extensions should not have left defense counsel with the impression they could unilaterally extend their own deadlines. And importantly, defense counsel *did not* in fact deliver the discovery responses by the date promised.[45] In short, UTA waived its objections to these discovery requests. UTA was not substantially justified in failing to lodge timely objections then attempting to belatedly assert them in response to a motion to compel when UTA had not shown good cause for its failure to timely object.

Moreover, at least one of these waived objections was also baseless. In response to Request No. 73, UTA objected on the grounds that the request sought sensitive financial information. Concerns about sensitive or confidential information do not equate to a privilege to withhold documents.[46]  The court had already entered a stipulated protective order that would have addressed UTA's concerns about producing documents containing sensitive information.[47] This district has previously found that a litigant commits a sanctionable offense by asserting a confidentiality objection as a bar to discovery when the court has entered a protective order limiting the use and disclosure of confidential information.[48] UTA's objection regarding

---

[45] *See* E-mail from Jessica Garner to Christine Louis at 1, ECF No. 90-2, July 26, 2011 (promising to send documents "as soon as we can get this issue resolved (either later today or early tomorrow)"); *see also* Notice of Service at 1, ECF No. 75 (stating that defendant had served plaintiff on August 26, 2011, with the responses and objections to Plaintiff's Seventh Request for Production of Documents and Defendant's Response to Plaintiff's Fourth Set of Interrogatories).

[46] *See, e.g., Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *5 (D. Kan. July 8, 2002) ("[A] party may not rely on the confidential nature of documents as a basis for refusing to produce them because '[c]onfidentiality does not equate to privilege.'") (quoting *Hill v. Dillard's*, *Inc.,* No. 00-2523-JWL, 2001 WL 1718367, at *4 (D. Kan. Oct. 9, 2001)).

[47] *See* Stipulated Protective Order, at 2 ECF No. 16 (stating that sensitive personnel information regarding defendant's employees may be designated as confidential and not disclosed to those not involved with this litigation).

[48] *See High Point SARL v. Sprint Nextel Corp.*, No. 2011 WL 4008009, at *4 (D. Kan. Sept. 9, 2011) (sanctioning a party under Rule 26(g)).

sensitive financial information was not substantially justified.

> **B.** **Whether Other Circumstances Make an Award of Expenses and Fees Unjust**

In addition to arguing its objections were substantially justified, UTA also argues other circumstances make an award of expenses and fees unjust. UTA states that one of its attorneys was beginning her maternity leave during the period the discovery disputes occurred; another defense attorney was involved in an out-of-state trial. And an attorney and legal assistant who were not previously assigned to this case spent considerable time getting up to speed. This was largely the same explanation UTA set forth when briefly arguing that the court should find good cause to excuse its failure to timely object to some of Ms. Linnebur's discovery requests.[49] In both instances, UTA fails to explain how any of these circumstances had any bearing on the discovery disputes or on UTA's decision to lodge unsupported objections.

UTA also urges the court to consider Ms. Linnebur's counsel's actions. Among other things, UTA points out that Ms. Linnebur filed her third motion to compel before her second motion to compel was fully briefed, creating "the perfect storm" in that UTA had to rely on similar objections asserted in response to similar discovery requests at issue in both motions. Importantly, none of the objections raised in response to Ms. Linnebur's third motion to compel were substantially justified. UTA did not require the benefit of the court's decision on the second motion to compel; it need only consult case law from this district to know what is required to support discovery objections. The remainder of UTA's arguments regarding Ms. Linnebur's counsel are unavailing. Nothing in the record suggests any misconduct or attempt to improperly subject defense counsel to sanctions. Defense counsel's own actions in lodging baseless

---

[49] *See* Def.'s Mem. in Opp'n of Pl.'s Third Mot. to Compel at 5-6, ECF No. 90.

objections are responsible for the discovery sanctions.

Additionally, UTA argues the court should not award expenses because it granted in part and denied in part Ms. Linnebur's second motion to compel. It is true that the court may refrain from awarding fees and expenses when a motion to compel is granted in part and denied in part. In this case, however, the court granted the vast majority of Ms. Linnebur's second motion to compel. Moreover, the sheer number of unsupported objections UTA lodged in response to the second motion to compel is not a typical or favored practice. By asserting a large number of objections that were not substantially justified, Ms. Linnebur's counsel and the court expended considerable time addressing these unsupported objections. Under these circumstances, UTA should bear the cost of some of Ms. Linnebur's reasonable fees and expenses incurred as a result of filing the second motion to compel.[50]

UTA's subsequent withdrawal of its objections and promise to produce the discovery at issue in the third motion to compel also are not circumstances that make an award of expenses unjust. UTA should not have asserted these objections in the first place, or it should have developed proper support for the objections by the time it filed its response to the third motion to compel. UTA's withdrawal of these objections saved no time for Ms. Linnebur, who had already conferred with UTA about the discovery dispute, moved to compel, and written a reply brief. It saved no time for the undersigned, who had already drafted a memorandum and order that would have granted in full the third motion to compel. Quite simply, UTA's practice of reflexively

---

[50] *See Cardenas v. Dorel Juvenile Grp.*, 230 F.R.D. 611, 634 (D. Kan. 2005) (granting in part and denying in part a motion to compel and ruling that the moving party should be entitled to recover a portion of reasonable fees and expenses because a significant number of overruled objections were not substantially justified); *DIRECTV*, 224 F.R.D. at 692-93 (same); *compare with MPG Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 WL 3231568, at *3 (D. Kan. Oct. 30, 2007) (declining to award expenses when a motion to compel was granted in part because, among other things, the nonmoving party's objections were substantially justified).

objecting has resulted in stalled discovery, produced needless work for Ms. Linnebur's counsel, and unnecessarily consumed judicial resources. Withdrawing these objections at the eleventh hour is not a circumstance that makes an award of fees and expenses unjust.

### C. Conclusion

Because there is no evidence that UTA itself bore a direct responsibility with regard to the objections raised in its response briefs, the court finds defense counsel, and not the defendant, should be responsible for the sanction.[51] UTA's counsel of record shall be responsible for paying fifty-percent of Ms. Linnebur's reasonable expenses, including attorney fees, incurred as a result of filing her second motion to compel. Defense counsel shall be responsible for paying all of Ms. Linnebur's reasonable expenses, including attorney fees, incurred as a result of filing her third motion to compel. Within fourteen (14) days from the date of this order, Ms. Linnebur may file a motion for an award of reasonable fees and expenses. She should set forth all of her fees and expenses incurred as a result of filing the motions, and the court will apply the percentage reduction when it rules on the amount of the award. The briefing schedule described in D. Kan. Rule 6.1(d)(1) shall apply.

Accordingly,

**IT IS THEREFORE ORDERED** that defense counsel shall pay fifty percent of plaintiff's reasonable fees and expenses incurred as a result of filing her second motion to compel, and defense counsel shall pay all of plaintiff's reasonable fees and expenses incurred as a result of filing her third motion to compel.

---

[51] *See Hoffman v. United Parcel Serv., Inc.*, 206 F.R.D. 506, 507 (D. Kan. 2002) (stating that in the absence of evidence that the party was aware of the wrongdoing, the court will hold counsel accountable for paying the monetary sanction).

**IT IS FURTHER ORDERED** that within fourteen (14) days from the date of this order, plaintiff may file a motion for an award of reasonable fees and expenses.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2012, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
