# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EVELYN JEAN LINNEBUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1379-RDR |
| | ) |
| UNITED TELEPHONE | ) |
| ASSOCIATION, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiff's Motion for Sanctions and Relief from Discovery Violations, ECF No. 153. Plaintiff argues that defendant destroyed or allowed the destruction documents and electronically stored information. She seeks spoliation sanctions including: an adverse inference jury instruction, a mirror image of the hard drive and archived e-mails of plaintiff's former supervisor, and attorney fees incurred in bringing this motion. Although the court finds that plaintiff has shown by a preponderance of the evidence that defendant destroyed or allowed the destruction of documents and information, plaintiff has not shown she was actually prejudiced by the destruction. Because plaintiff has not carried her burden to demonstrate spoliation sanctions are appropriate at this juncture, the court denies her motion without prejudice to refiling and grants leave for plaintiff to take further discovery on the issue of spoliation of evidence if she wishes.

**I.     Background**

Defendant United Telephone Association, Inc. (UTA) terminated Plaintiff Evelyn Jean Linnebur's employment in 2009. UTA contends the termination was for cause, and Ms. Linnebur contends the termination was unlawful under the Age Discrimination in Employment Act, 29

U.S.C. § 621, *et seq.* and the Kansas Age Discrimination in Employment Act, K.S.A. 44-1111, *et seq.*

Ms. Linnebur argues UTA destroyed or allowed the destruction of evidence it had a duty to preserve. She points to the testimony of Benjamin Peintner, UTA's IT manager.[1] Mr. Peintner testified that UTA's Microsoft Exchange server would retain deleted e-mails for a period of five days and that the other backup servers would retain information until the servers reached a certain capacity, at which time the oldest information would be written over. According to Mr. Peintner—at the time of his deposition on January 24, 2012,— he was never informed that he needed to preserve information stored on the backup servers.[2]

## II.   Discussion

Spoliation is the "'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'"[3] Federal courts have authority to impose a variety of sanctions for spoliation of evidence.[4] But a "party can only be sanctioned for destroying evidence that it had a duty to preserve, and such duty arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."[5] "This notice may come at hands of differing events, but mostly commonly, a party is deemed to have

---

[1] *See generally* Peintner Rule 36(b)(6) Depo., ECF No. 154-1.

[2] *Id.* at 28:3-29:21.

[3] *School-Link Techs., Inc. v. Applied Res., Inc.*, No. 05-2088-JWL, 2007 WL 677647, at *3 (D. Kan. Feb. 28, 2007) (quoting *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 430 (S.D.N.Y. 2004)).

[4] *See Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007).

[5] *Cook v. Olathe Health Sys., Inc.*, No. 10-CV-2133-KHV-DJW, 2011 WL 346089, at *4 (D. Kan. Feb. 2, 2011) (internal quotations and citations omitted).

notice of pending litigation if the party has received a discovery request, a complaint has been filed, or any time a party receives notification that litigation is likely to be commenced."[6]

The Tenth Circuit has stated that a spoilation sanction is proper where (1) a party had a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.[7] The party moving for sanctions has the burden to demonstrate spoliation by a preponderance of the evidence.[8] If an aggrieved party seeks an adverse inference jury instruction, that party must also prove bad faith on the part of the producing party.[9] Negligence in losing or destroying documents is not sufficient "because it does not support an inference of consciousness of a weak case."[10] If the moving party is unable to show bad faith, the court may impose lesser sanctions.[11]

### A.  UTA allowed ESI to be destroyed when it was under a duty to preserve it.

Once a party reasonably anticipates litigation, it must suspend its routine document retention and destruction policy and put in place a litigation hold to ensure the preservation of relevant documents.[12] It is not enough, however, for the litigant alone to implement a litigation hold.[13] Counsel for the litigant must also oversee compliance with the hold by monitoring the

---

[6] *Oxford House, Inc. v. City of Topeka*, No. 06-4004-RDR, 2007 WL 1246200, at *3 (D. Kan. Apr. 27, 2007) (internal citations omitted).

[7] *Burlington N. & Santa Fe Ry. Co.*, 505 F.3d at 1032.

[8] *In re Krause,* 367 B.R. 740, 764 (Bankr. D. Kan. 2007).

[9] *Turner v. Pub. Serv. Co. of Colo.*,, 563 F.3d 1136, 1149 (10th Cir. 2009).

[10] *Id.* quoting (*Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (D. Kan. 1997)).

[11] *Id.*

[12] *School-Link Techs., Inc.*, 2007 WL 677647, at *4 (citing *Zubulake*, 229 F.R.D. at 431).

[13] *Id*. at *5.

litigant's "efforts to retain and produce the relevant documents."[14] Counsel must communicate with the litigant to ensure "(1) that all sources of relevant information [are] discovered, (2) that relevant information is retained on a continuing basis; and (3) that relevant non-privileged material is produced to the opposing party."[15] A litigant's duty to preserve evidence extends to electronically stored information.[16]

Ms. Linnebur points to several documents she contends UTA has never produced in any form and several documents UTA has not produced in electronic form. Because of this, Ms. Linnebur argues that one of two explanations must be true: Either UTA failed to produce responsive documents—in which case it should be sanctioned for failing to comply with this court's orders and with the Federal Rules of Civil Procedure—or UTA allowed the documents to be destroyed. With all of these documents, however, UTA has set forth plausible explanations about why they no longer exist. Despite that, it is clear that UTA allowed the indiscriminate destruction of ESI throughout the course of this litigation.

As to the specific documents, Ms. Linnebur states that UTA failed to produce in native format the termination letter Craig Mock, Ms. Linnebur's former supervisor, had sent to her. Mr. Mock testified that he does not know why this document would not exist in native format, but, through counsel, he also speculated that perhaps he never saved a copy of this letter. While this seems doubtful, UTA also points out that even if this document no longer exists in native format, Ms. Linnebur has not presented any evidence suggesting it was destroyed at a time when UTA

---

[14] *Id.*

[15] *Id.*

[16] *In re Krause,* 367 B.R. at 764.

Case 6:10-cv-01379-JTM   Document 189   Filed 06/21/12   Page 5 of 7

was under a duty to retain it. Ms. Linnebur filed complaints with the Equal Employment Opportunity Commission and the Kansas Human Rights Commission on October 27, 2009, about two months after Mr. Mock gave her the termination letter. Prior to filing those complaints, it is difficult to see how UTA would have been on notice that litigation was likely and therefore under a duty to preserve evidence. This is true of other documents that no longer exist and were created around the time UTA terminated Ms. Linnebur's employment. There is simply no evidence from which the court can conclude when UTA destroyed or allowed the destruction of the electronic versions of these documents. As for an e-mail Mr. Mock allegedly sent to a UTA accountant regarding her deposition, UTA says the e-mail was not produced because it contained no terms that would have suggested it was responsive to Ms. Linnebur's discovery request.

     Ms. Linnebur also says UTA failed to produce a document it sent to its benefits administrator upon Ms. Linnebur's termination. The benefits administrator later sent Ms. Linnebur a letter congratulating her on her recent retirement. Ms. Linnebur theorized that the form UTA sent to the benefits administrator reflected that Ms. Linnebur had retired, not that UTA had terminated her employment. UTA produced this document in conjunction with its response brief. The document states UTA terminated Ms. Linnebur's employment; it does not state she retired. UTA says it was under the impression it had already produced this document. Regardless, because the document was not destroyed, it cannot support a spoliation sanction.

     The difficulty in this case arises because the bulk of the specific documents Ms. Linnebur contends were not produced or were not produced in electronic form could have been destroyed at a time when UTA was under no duty to preserve them. Nevertheless, UTA's IT manager's

5

testimony shows that UTA indiscriminately allowed ESI to be destroyed throughout the course of this litigation. Although information responsive to Ms. Linnebur's discovery requests may have been stored in locations other than the Exchange server and backup servers, responsive information was undoubtedly stored in these locations at some point. So, even though the individual documents Ms. Linnebur points to cannot, on this record, form the basis for spoliation sanctions, it is clear that Ms. Linnebur has shown UTA destroyed ESI when it was under a duty to preserve it.

### B.  Ms. Linnebur has not shown she was prejudiced by the destruction of documents.

Ms. Linnebur's arguments about prejudice center around the form UTA sent to its benefits administrator, which UTA has now produced. The remainder of Ms. Linnebur's arguments are too general to support a finding of prejudice. For example, Ms. Linnebur contends that the full extent of relevant evidence UTA allowed to be destroyed may never be known. It is not enough for a party seeking spoliation sanctions, however, to raise an issue of theoretical prejudice—that prejudice cannot be known because the documents and information no longer exist. This is true in any instance involving the destruction of evidence. Rather, a party seeking spoliation sanctions must present evidence that it was actually prejudiced.[17] Ms. Linnebur has not done that. Because of this, she is not entitled to spoliation sanctions, and the court declines to consider whether Ms. Linnebur has shown UTA acted in bad faith.

Nevertheless, the court does not foreclose the possibility that Ms. Linnebur could develop evidence of prejudice. Throughout the course of this case, UTA has inexplicably resisted

---

[17] *Turner,* 563 F.3d at 1150.

producing ESI. And now, years after UTA's duty to preserve evidence arose, Ms. Linnebur has developed a record that demonstrates UTA's servers were continually writing over ESI with no regard as to whether this information would bear upon issues in this lawsuit. The court is troubled by UTA's actions and by defense counsel's apparent failure in overseeing its client's efforts to retain relevant ESI. During the scheduling conference on January 12, 2011, the court discussed at length issues related to ESI. The court not only reminded the parties of their obligations to retain relevant information, it ordered that UTA "shall preserve all ESI in its native format."[18] It appears this order was violated. Because of UTA's history of ignoring discovery obligations throughout this case, the court *sua sponte* orders that discovery is reopened as to the issue of spoliation of evidence. Ms. Linnebur's motion is denied without prejudice to refiling should she develop more evidence of prejudice.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions and Relief from Discovery Violations, ECF No. 153, is denied without prejudice to refiling.

**IT IS FURTHER ORDERED** that for a period of forty-five (45) days from the date of this order, plaintiff is granted leave to take further discovery regarding the spoliation of evidence.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2012, at Topeka, Kansas.

<div style="text-align:right">

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

</div>

---

[18] Scheduling Order at 5, ECF No. 8.